UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

September 20, 2018

David J. Bradley, Clerk

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Criminal H-15-50 |
| | § | (Ancillary Civil Action H-17-1213) |
| | § | |
| Jesse Dunn, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Vacatur

1.    *Background.*

On March 17, 2016, Jesse Dunn pleaded guilty to making fraudulent representations in connection with a major disaster. That November 14th, Dunn was sentenced to sixty-six months custody and ordered to pay restitution of $1,305,800.

On April 15, 2017, Dunn petitioned for a writ of habeas corpus. It was denied on April 17, 2017. On May 23, 2017, Dunn asked this court for a certificate of appealability of the denial. It was summarily denied. The Court of Appeals reversed for an opinion. It later sent a docket-management order for the district court's docket, insisting that the district court issue an opinion explaining its denial of the writ within 120 days. It neglected to support its imperative letter with a citation for its authority.

The record is clear.

2.    *Letter.*

Dunn claims that his lawyer was ineffective because he did not file his letter of acceptance of responsibility on time. Despite this defect, the court allowed the letter into the record. The court also allowed Dunn to read his letter to him at the sentencing. Yes, his lawyer did not send it to the probation officer in time for inclusion in the report, but that officer revised the report to include it and to append his evaluation of it.

He complains that his lawyer wrote it. Yes, but Dunn signed it. He has never offered a letter that he wrote. Its timing was not a factor as the court said. Its content was fifty-four

words in three sentences that is formulaic. Because Dunn's "acceptance of responsibility" for his crime is not genuine, the court did not credit it.

Dunn's sentence is within the guideline recommendations. Whatever his letter could have said, his answers in court, his protestations, and his justifications all revealed his tendency to dodge responsibility. In his hearing, he avoided active remorse, using phrases like "It never should have happened" and "sorry for those actions that were created."[1] Important and eloquent things may be said in 54 words. Dunn's letter was not among them.

3.     *Plea Negotiations.*

Dunn complains that his lawyer failed him when he did not get the first offer by the government. That is easily explained by Dunn's rejection of it. Later, Dunn liked the rejected offer because, at that point the government had a new, worse offer. The deal Dunn wanted was one without a waiver of appeal. Nothing in is his writings suggests that a waiver-free offer would have ever been made no matter what his lawyer said. After much negotiating, Dunn accepted the best offer he could get. His lawyer did the best he could under the circumstances created by Dunn himself. During his plea colloquy, Dunn swore that he was pleased with his counsel's work and was not forced into pleading guilty. He was sentenced to 66 months incarceration for stealing $1,305,800 for disaster-relief from the national government.

4.     *Conclusion.*

The case raised no points of uncertain law. The evidence of the facts was abundant and of manifold types. After another careful review of the record and law, this court concludes that a panel of reasonable, fully-informed, fair-minded jurists would not find anything debatable in them conducing to a material lapse of competent legal representation to Dunn's injury.[2] Anticipating that he may apply for a certificate of appealability, it would be futile.

Dunn's petition for writ of habeas corpus will be denied.

Signed on September 19, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Sentencing Hearing Transcript, page 8.

[2] *See Duane Edward Buck v. Lorie Davis*, 137 S.Ct. 759, 773 (2017) (Thomas, J., dissenting).